OTTO VAN DER BRUG and ALICE VAN DER BRUG, Plaintiffs

v.

R. PARAMAGURU, FAMILY HEALTH PROGRAM, INC., d/b/a FHP–CATHOLIC MEDICAL CENTER, GUAM MEMORIAL HOSPITAL and DOES I through V, Defendants

Civil No. 518-76

Superior Court of Guam

September 1, 1976

BENSON, *Judge*

ORDER

The Defendants R. Paramaguru and Family Health Program Inc., d/b/a FHP-Catholic Medical Center, Guam Memorial Hospital and Does I through V, moved for an order dismissing the complaint pursuant to Rule 12 on the ground that the Plaintiffs had not fulfilled the prerequisite screening and arbitration procedures of Section 9990.9. After oral argument on August 6, 1976, the matter was submitted for decision.

Public Law 13–115 deprives the parties of their right to trial by jury guaranteed by the Organic Act.

1. Section 9990.8(b) permits the "plaintiff" to "appeal the panel's findings in the Superior Court of Guam." The other party has no corresponding right under the act to appeal an adverse decision of the panel on the issue of liability. *Wright v. Central Dupage Hospital Association* (S.Ct. Ill. 1976), 347 N.E.2d 736.

The word "appeal" in this connection means a trial *de novo*. *In re Appropriation for Highway Purposes*, 148 N.E.2d 242, 245, 246, 104 Ohio App. 243. This interpretation is most favorable to the Defendants' position.

2. The Act provides that only certain review is available after the panel makes an award. It can be confirmed, corrected, or vacated. (Section 9990.10(c)). There is no provision for trial by jury. *Smyth Sales v. Petroleum Heat & Power Co.*, 141 F.2d 41 (3rd Cir. 1944); *Wright v. Central Dupage Hospital Association*, supra.

The confirmed award, in fact, becomes a judgment. (Section 9990.10(o)). Should a dissatisfied party commence a civil action, his opponent would undoubtedly assert res judicata as an affirmative defense.

The language of Section 9990.13(a) does not preserve the right to trial by jury. The expressed intent runs counter to the provisions of the Act. No authority is granted to anyone by the Act to establish procedures by which the right may be exercised.

3. The act is fatal for the failure to provide for jury trial in the two instances cited above. The court must note, but without deciding, that there is a serious question of separation of powers because the Act purported to establish a panel of non-judicial individuals (except one) to pass on issues which traditionally have been reserved exclusively to the judiciary.

IT IS THEREFORE ORDERED that the motion be, and it hereby is, denied.